JOURNAL ENTRY and OPINION.
{¶ 1} Appellant Donna Dixon appeals her conviction for breaking and entering an office she had rented for her insurance and employment placement business. Dixon argues she did not have effective representation at trial and assigns the following errors for our review:
 {¶ 2} "I. Defense counsel was ineffective thereby denying appellant effective assistance of counsel as guaranteed by theSixth Amendment to the United States Constitution.
 {¶ 3} "A. Defense counsel was ineffective in his conduct of voir dire.
 {¶ 4} "B. Defense counsel was ineffective in his opening statement to the jury.
 {¶ 5} "C. Defense counsel was ineffective in his direct examination of witnesses.
 {¶ 6} "D. Defense counsel was ineffective in his cross examination of witnesses.
 {¶ 7} "E. The totality of counsel's performance was below the standard of counsel in criminal cases and but for the ineffectiveness the result for the appellant would have been different."
 {¶ 8} "II. Appellant's conviction for breaking and entering is against the manifest weight of the evidence."
 {¶ 9} Having reviewed the record, and the pertinent law, we reverse and remand this case for a new trial. Because we resolved this matter on her assigned error one, we conclude her assigned error two is moot. The apposite facts follow.
 {¶ 10} Donna Dixon ran an insurance and employment placement business at 3740 Euclid Avenue. She leased the space from Midtown Mortgage. Her security deposit was $4,000. The monthly rent total was $2,500. A dispute arose over the rental payments and litigation ensued. In the interim, Dixon on October 15, 2000, parked her car on a side street outside of the office she had been renting, climbed on top of her automobile, climbed into the window of the her office, and retrieved business papers, computers, and telephones. Dixon testified she felt it necessary to enter her office in this fashion because she had recently been locked out of her office for failure to pay rent.
 {¶ 11} After Dixon entered the office, the police soon arrived. They allowed her to remove her papers and to keep any items she had put into her car. They did not permit her to take any other items from the office because they did not know who owned the property.
 {¶ 12} The terms of the lease between Dixon and the landlord, Midtown Mortgage, allowed Midtown to regain possession of the office, establish a lien on all of the property contained in the office, and sell the property if Dixon failed to keep her rental payments current. Dixon alleged her rent was current at the time she entered the premises. This was disputed by the landlord who testified she had bounced several checks and she was several thousand dollars behind in her rent.
 {¶ 13} Dixon testified a civil case was pending in another courtroom at the time of her arrest, wherein she challenged the landlord's contention that she had failed to pay rent.
 {¶ 14} Also, a week before the trial, her lawyer lost his license to practice law and she retained new counsel. Her new counsel entered into the trial of the case on June 10, 2002; she was indicted on November 28, 2001.
 {¶ 15} In her first assigned error, Dixon argues her trial counsel was ineffective. She asserts he was unprepared, but more importantly, seemed unfamiliar with criminal trial procedure; for example, he was inept at peremptory challenges during voir dire of the jury; his opening statement did not advance her theory of the case; he failed to move for an R.29 motion until he was prompted by the court, and during that time he failed to advance her theory of the case. She argued she did not purposely commit the crime of breaking and entering. Additionally, she argued this was a civil matter and should be resolved in the civil case pending in another courtroom.
 {¶ 16} Our standard of review in this matter is controlled by the United States Supreme Court's pronouncement in Strickland v.Washington.[1] In Strickland, the test is whether the lawyer's performance objectively fell below the standard required, and this deficient performance prejudiced the accused by denying an opportunity for a fair trial. Ohio, in adopting Strickland, has consistently held the ultimate concern is, but for counsel's deficient performance, the outcome of the trial would have been different.[2]
 {¶ 17} After reviewing the record in this case, we conclude that Dixon did not receive the representation that the law requires. We are most concerned with the fact that her new counsel entered this case a week before the scheduled trial date and no continuance was pursued. We note this change in counsel was not due to Dixon's behavior, but her earlier counsel's disbarment.
 {¶ 18} Thus, under Strickland, we look at the deficient performance of trial counsel knowing that we must be highly deferential. In the record, trial counsel lacked knowledge in conducting peremptory challenges of jurors. He seemed unfamiliar with trial procedure as he was admonished by the trial judge not to speak unless it was his time. On the basic questioning of jurors, he failed to question replaced jurors and alternate jurors. As to basic criminal procedure, he seemed unfamiliar with the R. 29 motion for acquittal and made the motion only after the judge prompted him.
 {¶ 19} This performance is especially troubling because of Dixon's theory of her case. She argued that she did not purposely break and enter the building. She argued the State had not sustained its essential burden of proof on this element. Consequently, a Civ.R. 29 motion on this issue was necessary for her case.
 {¶ 20} This issue goes to her argument of overall deficient behavior by counsel. The record showed counsel failed to advance the theory of her case. During oral argument, he failed to attack the state's proof as to purpose to commit a theft offense or felony. Dixon was a tenant of the building and the evidence showed the property she took belonged to her or at least she believed it did.
 {¶ 21} We are not unmindful that these specific instances of performance standing individually would not suffice as deficient underStrickland or Bradley. However, cumulatively, they go to the overall contention that Dixon's counsel was unprepared for this trial in a way that denied to her effective counsel.
 {¶ 22} Finally, we turn to whether these deficiencies prejudiced her case. In this case, three factors support our conclusion that counsel's ineffectiveness prejudiced Dixon's case. These factors are: counsel's retention a week before trial; counsel's failure to develop the theory of her case; and, counsel's lack of basic knowledge of criminal procedure. When these factors are buttressed by a lack of preparation, ineffectiveness is bound to occur. Consequently, the prejudice is evidenced by the weak record in the case.
 {¶ 23} This is not a traditional breaking and entering case. Dixon is a businesswoman who rented the space that is the subject of the alleged crime. The items she took were hers and the police allowed her to keep them once they identified her connection to the building. Moreover, the principal witness for the State was her landlord whom she was in litigation against, in a dispute over her rent. There appeared to be a reasonable dispute over the validity of the lien the landlord held against her property. Because of these facts, we have no confidence in the verdict as it stands. "A verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."[3] Accordingly, we reverse this matter for a new trial.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover from said appellee her costs herein.
It is ordered that a special mandate be sen to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., concur; MICHAEL J. CORRIGAN, P.J., concurs in judgment only.
[1] (1994), 466 U.S. 668, 694.
[2] State v. Bradley (1989), 42 Ohio St.3d 136.
[3] Strickland, p. 696.